IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-40-D

| | |
|---|---|
| LINDA KAYE POPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings [DE #28, DE #34] pursuant to Rule 12 of the Federal Rules of Civil Procedure. Plaintiff Linda Kaye Pope ("Claimant") filed this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) seeking judicial review of the denial of her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") payments. The parties have filed memoranda in support of their respective motions, and the time for filing responsive briefs has expired. Accordingly, the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, the undersigned recommends granting Claimant's Motion for Judgment on the Pleadings, denying Defendant's Motion for Judgment on the Pleadings, and remanding this case for further proceedings.

**STATEMENT OF THE CASE**

Claimant protectively filed an application for a period of disability and DIB on June 24, 2010, and SSI on July 27, 2010, alleging disability beginning May 1, 2010. (R. 65–67, 76, 85–87, 101.) Her claim was denied initially and upon reconsideration. (R. 65–66, 85–86.) A hearing

before the Administrative Law Judge ("ALJ") was held on January 20, 2012, at which Claimant was represented by counsel. (R. 33.) Julie Sawyer-Little, an impartial vocational expert ("VE") appeared and testified. (R. 52–55.) On March 13, 2012, the ALJ issued a decision denying Claimant's request for benefits. (R. 16–26.) Claimant then requested a review of the ALJ's decision by the Appeals Council (R. 12) and submitted additional evidence into the record (R. 4.). On November 20, 2012, the Appeals Council denied Claimant's request for review. (R. 1–4.) Claimant then filed a complaint in this court seeking review of the now final administrative decision.

## STANDARD OF REVIEW

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g) (2012). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla . . . and somewhat less than a preponderance," *Laws*, 368 F.2d at 642. "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court's review is limited to whether the ALJ analyzed the

2

relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## ANALYSIS

The disability determination is based on a five-step, sequential evaluation process as set forth in 20 C.F.R. §§ 404.1520, 416.920 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity," i.e., currently working; and (2) must have a "severe" impairment that (3) meets or exceeds [in severity] the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform . . . past work or (5) any other work.

*Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 474 n.2 (4th Cir. 1999). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Id*. At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy which the claimant can perform. *Id*.

In this case, Claimant alleges that the ALJ erred by: (1) improperly evaluating Claimant's impairment of depression under Medical Listing 12.04, (2) failing to evaluate Claimant's obesity as a severe impairment, and (3) improperly weighing the medical opinion evidence. (Pl.'s Mem. Supp. Mot. J. Pleadings [DE #29] at 1.)

Applying the above-described sequential evaluation process, the ALJ found Claimant "not disabled" as defined in the Act. At step one, the ALJ found Claimant was no longer engaged in substantial gainful employment. (R. 18.) Next, the ALJ determined Claimant had the following severe impairments: chest pain, hypertension, and depression. (*Id*.) The ALJ also found Claimant had non-severe impairments of glaucoma and allergies. (R. 18–19.) However, at step

3

three, the ALJ concluded these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 19–20.) The ALJ made no mention of Claimant's obesity when determining Claimant's impairments.

Prior to proceeding to step four, the ALJ assessed Claimant's residual functional capacity ("RFC") finding Claimant had the ability to perform medium work[1] and stating that Claimant was capable of sitting, standing, and walking for at least six hours each during a typical eight-hour day and frequently interacting with co-workers, supervisors, and the general public. (R. 20.) The ALJ limited Claimant to performing simple, routine, repetitive work tasks. (*Id.*) In making her assessment, the ALJ found Claimant's statements about her limitations not credible to the extent they were inconsistent with the RFC. (R. 21.) During her discussion of Claimant's capabilities and the evidence contained in the medical records, the ALJ never mentioned Claimant's obesity.

At step four, the ALJ concluded Claimant had the RFC to perform the requirements of her past relevant work as a Cashier II. (R. 24.) The ALJ also determined that there were other jobs existing in sufficient number within the national and state economies that Claimant could perform. (R. 24–25.)

If the records show a claimant to be obese, the ALJ must consider the obesity in steps two through four of her analysis. SSR 02-1p, 2002 WL 34686281, at *3 (Sept. 12, 2002). An individual's Body Mass Index ("BMI") is an appropriate measure of obesity, and one is considered obese if his or her BMI is 30.0 or greater. *Id.* at *2. Under Social Security Ruling 02-1p, obesity

---

[1]Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. An individual that can do medium work can also perform sedentary and light work. 20 C.F.R. §§ 404.1567(c), 416.967(c).

alone is an impairment, and obesity can exacerbate the severity of other existing impairments, such as hypertension and depression. *Id.* at *1, *3, *5. "The ALJ must assess the entire record to determine the extent to which obesity imposes functional limitations on a claimant, either alone or in combination with other impairments." *Winston v. Astrue*, 411:-CV-107-D, 2012 WL 40864448, at *3 (E.D.N.C. Sept. 17, 2012); *see also* SSR 02-1p, 2002 WL 3468628, at *4, *6.

> [The ALJ will] generally rely on the judgment of a physician who has examined the claimant and reported his or her appearance and build, as well as weight and height. Thus, in the absence of evidence to the contrary in the case record, [the ALJ] will accept a diagnosis of obesity given by a treating source or by a consultative examiner.

SSR 02-1p, 2002 WL 3468628, *3. Absent a diagnosis, the ALJ will use his "judgment to establish the presence of obesity based on the medical findings and other evidence in the case record." *Id.* Additionally, the ALJ will consider an individual's weight over time when determining the functional limitations imposed by the claimant's obesity. *Id.* at *4.

Claimant's medical records indicate that her BMI has been in the obese range since December 2, 2010. (R. 365–66.) Her height was 64.6 inches, and her weight was 188.6 pounds resulting in a BMI of 31.77. (*Id.*) Thereafter, her weight fell below 188.6 pounds only one time among the numerous times her weight was noted within the medical record. (R. 421.) In March 2011, Claimant weighed 191 pounds. (R. 397.) In April, her weight was recorded as 189.4 pounds and 193 pounds. (R. 391–92.) In May, Claimant weighed 185 pounds and 190.2 pounds. (R. 412, 429.) Finally in December 2011, Claimant weighed 193 pounds and 197.6 pounds. (R. 413, 416.) Additionally, Claimant was described as "overweight" by her counselor, "mildly obese" by her psychiatrist, and diagnosed with obesity by her psychiatrist in December 2011. (R. 403, 421–22.) On December 9, 2011, Claimant's BMI was recorded as 32.82, and she was counseled on the need for a balanced diet and thirty minutes of exercise five times a week.

(R. 416–19.) Claimant was also noted as obese during a medical appointment on December 19, 2011. (R. 413.) Given the evidence in Claimant's medical records, the ALJ should have considered her obesity and its effects when evaluating her disability claims.

The ALJ's decision does not meaningfully discuss Claimant's obesity, however. The ALJ referred to Claimant's medical records documenting her hypertension and catheterization, but she does not refer to the medical records indicating Claimant was obese or overweight. The ALJ does not cite Social Security Ruling 02-1p, nor does she state whether Claimant's obesity, alone or in combination with Claimant's other impairments, limits Claimant's functional abilities. Because the severe impairments found by the ALJ (chest pain, hypertension, and depression) are of the type aggravated by obesity, *see* SSR 02-1p, at *3, the ALJ's failure to meaningfully discuss Claimant's obesity warrants remand, *see Winston*, 2012 WL 4086448, at *4 (citing *Padgett v. Astrue*, No. 7:11-CV-105-FL, 2012 WL 1884700, at *3 (E.D.N.C. May 2, 2012); *James v. Astrue*, No. 7:09-CV-15-FL, 2009 WL 4827417, at *3 (E.D.N.C. Dec. 11, 2009)).

Absent further findings, the court is unable to determine whether the ALJ properly considered Claimant's obesity in accordance with Social Security Ruling 02-1p. As a consequence, the court is precluded from determining whether the Commissioner's decision is supported by substantial evidence in the record and based on the proper legal standards. Accordingly, it is recommended that the case be remanded for further proceedings.

## **CONCLUSION**

For the reasons stated above, the undersigned RECOMMENDS that Claimant's Motion for Judgment on the Pleadings [DE #28] be GRANTED, Defendant's Motion for Judgment on the Pleadings [DE #34] be DENIED and the case be REMANDED to the Commissioner pursuant to

sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the Memorandum and Recommendation.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 31st day of January 2014.

KIMBERLY A. SWANK
United States Magistrate Judge